O’NIELL, C. J.
 

 (dissenting). My opinion is that the provisions in the Code of Criminal Procedure for the trial of pleas of insanity in criminal prosecutions are violative of the fundamental rule established in the Constitution of this and every other state; that, in prosecutions for a felony, the jury alone must decide all questions of fact on which depend the guilt or innocence of the defendant, and the judge alone must decide all questions of law and all questions of fact which do not determine the question of guilt or innocence, but which must be decided in order to rule upon a question of law. The question of san
 
 *537
 
 ity or insanity of a person accused of crime, at the time of the commission of the act which, if committed by a sane person, would be a criminal act, is a question of fact on which depends the guilt or innocence of the person accused; and such a question must be decided by the jury who decides ultimately the question of guilt or innocence. The question of sanity or insanity at the time when the party accused is called for trial is a question of fact relating only to the matter of procedure, and has nothing to do with the question of guilt or innocence, and should be determined by the judge alone, before whom the case is to be tried.
 

 According to the last paragraph of article 268 of the Code of Criminal Procedure, the lunacy commission appointed by the judge has decided finally the question of guilt or innocence by deciding that the party accused was insane when he committed the homicide; and, worse than that, the judge must commit the party accused to the insane asylum, notwithstanding the lunacy commission has decided that he is now a sane man. The Legislature was forbidden by the Constitution to vest such authority qr jurisdiction in a lunacy commission.